FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUL 18 PM 4: 38

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MACK CORMIER,<br>　　　　Plaintiff,<br><br>versus<br><br>JEFFERSON PARISH POLICE DEPARTMENT,<br>　SHERIFF HARRY LEE, acting in his official<br>　and individual capacity, and UNKNOWN OFFICERS,<br>　acting in their official and individual capacities,<br>　　　　Defendants. | CASE NO. **01-2195**<br><br>Jury Demand<br><br>**SECT. E MAG. 2** |

## COMPLAINT

NOW COMES MACK CORMIER, Plaintiff herein, and by way of complaint against Defendants alleges the following:

### I. INTRODUCTION

1. That this is an action for money damages to redress the deprivation by defendants for the rights secured to plaintiff, under the Constitution and laws of the United States of America and the State of Louisiana. The defendants unreasonably searched the plaintiff's home, subjecting him, among other things, to an invasion of his privacy and to humiliation, and thereafter unreasonably seized and detained the plaintiff, depriving him of his rights and freedom, all of which was committed without a warrant and without probable cause.

### II. JURISDICTION AND VENUE

2. That the jurisdiction of this Court is invoked under the provisions of Sections

1

1331 and 1343(3) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code, and under the pendent jurisdiction of this Court with respect to the causes of action under state law sounding in tort.

3. That the parties described herein and/or the acts complained of lie within the boundaries of this district court.

### III. PARTIES

4. That at all times herein mentioned, plaintiff, Mack Cormier, was and still is a citizen of the United States of America, residing in Jefferson Parish, State of Louisiana, an area which lies within the boundaries of this district court.

5. That at all times herein mentioned, the Jefferson Parish Police Department ("JPPD") was and still is a part of Jefferson Parish, Louisiana, and was and still is the employer of police personnel named as defendants herein.

6. That at all times herein mentioned, defendants Sheriff Harry Lee and Unknown Police Officers were officers in the JPPD, acting in their official capacities.

7. That at all times herein mentioned, defendant Harry Lee and the supervisory personnel of the JPPD authorized and/or ratified the acts of the Unknown Police Officers who actually entered into the plaintiff's residence and who detained and questioned him.

### IV. FACTS REGARDING THE INCIDENT

8. That at all times herein mentioned, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of Jefferson Parish, the State of Louisiana and the United States of

America.

9. That at all times herein mentioned, the defendants and each of them, separately and in concert with each other, engaging in acts and omissions which constituted deprivation of the rights, privileges and immunities of the plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

10. That at all times herein mentioned, each of the defendants had the power and duty to restrain the other defendants and prevent them from violating the law and rights of the plaintiff, but that each of the defendants failed and refused to perform that duty, failed and refused to restrain the other defendants, and thereby became a party to the injuries inflicted upon the plaintiff.

11. That on or about July 24, 2000, while plaintiff was at work, certain of the defendants unlawfully entered the apartment and home of the plaintiff, without his permission, without a warrant and without probable cause. Said defendants proceeded to search plaintiff's home, invading his privacy, subjecting him to feelings of humiliation and degradation around his neighbors and landlord.

12. Thereupon, the defendants participated in a thorough search of plaintiff's home, which failed to produce any contraband or incriminating evidence, but did produce information regarding the plaintiff's place of employment.

13. The defendants then, with each other's approval, proceeded to the place of

employment of the plaintiff, where they informed the plaintiff that he was required to accompany them to the police station.

14. Said defendants then, and with each other's approval questioned the plaintiff, unlawfully detained the plaintiff at the police station in excess of 5 hours, refusing to let him leave.

15. As a result of defendants acts, plaintiff suffered an invasion of privacy, false imprisonment, and assault, resulting in damages to the plaintiff including emotional distress and humiliation.

## VI. JURY DEMAND

16. Plaintiff ask for trial by jury of all matters to which it is entitled by law.

## VII. PRAYER

WHEREFORE, Plaintiff prays as follows:

a) That he have judgment in his favor and against the defendants for compensatory damages;

b) That he have judgment against the defendants for punitive damages, attorney's fees and court costs;

c) That he have all other legal and equitable relief to which he is entitled.

Respectfully submitted,

*/s/ Alexandra E. Mora*

Alexandra E. Mora
La. Bar # 23535
614 Tchoupitoulas St.
New Orleans, LA 70130
(504) 566-0233

SERVICE BY WAIVER

4